In the Matter of the Estate of MARTIN BORGORD, Deceased.

Surrogate's Court, New York County, March 19, 1938.

*Davies, Auerbach & Cornell,* for the executor, petitioner.

*Kieffer & Killea* [*William J. Killea* of counsel], for the Washington County Museum of Fine Arts, legatee.

*Schulz & Williamson,* for the ancillary executor of the will of Johan Martin Ruud, deceased, legatee.

*William Schwartz,* special guardian for Liv Ruud, infant, legatee.

DELEHANTY, S. Deceased provided in his will a great number of bequests of money. In addition he devised some realty and, separately, bequeathed certain articles of personal property. Among other gifts he provided a fund of $15,000 under the fifth paragraph of his will for the Washington County Museum of Fine Arts at Hagerstown, Md. This gift is characterized by petitioner as a gift " in trust." The court is not asked to pass upon the character of that gift and no determination in respect of it is here made.

Later in his will deceased said:

"*Twenty-fifth.* All of the rest, remainder and residue of my estate then remaining and herein not otherwise given or bequeathed or devised and after all legacies and bequests and all expenses of administration and all other charges, taxes and expenses of every kind and nature have been paid, I give, devise and bequeath, *pro rata,* to the respective beneficiaries in this Will hereinabove named to whom are given or bequeathed money or cash bequests, that is to say, each beneficiary who is given or bequeathed a money or cash bequest in this Will shall be entitled to receive out of said rest, remainder and residue of my estate that proportion of said rest, remainder and residue as such beneficiary's bequest bears to the total amount of all money or cash bequests whether in Trust or not."

The question now presented is whether or not the benefit to the museum under the quoted paragraph is an outright gift which the museum may use without limitation.

The court holds that the reference in the quoted paragraph to the prior benefits does not constitute a limitation but is mere description. Quite the same reference to " sums of cash or money whether in trust or not " is used in paragraph fourth of the will where the testator provided for a ratable reduction of legacies if his estate did not suffice to pay all of the money bequests in full. In paragraph twenty-fourth of the will, deceased specifically charged his residue with the burden of all estate and inheritance taxes on the gifts in the will. Then he dealt with any surplus which might remain after all legacies in fixed amount had been paid and after all expenses and charges of every kind had likewise been paid. In defining the persons who were to receive that surplus he used terms descriptive of legatees under prior paragraphs as a means of identifying them. Thereby he excluded the devisee and, as well, the legatee of tangible personalty. He used the quantum of the money

gifts in prior paragraphs as the standard by which the benefits under the residuary were to be measured. In this plan of disposition deceased did not limit the use to which the residuary gift to the museum would be put. (*Wetmore* v. *Parker*, 52 N. Y. 450; *Hard* v. *Ashley*, 117 id. 606.) The museum takes the residuary gift outright.

The court will take proof on March 24, 1938, at ten o'clock A. M. of the personal claim of the executor and thereafter a decree may be submitted construing the will and settling the account.